KAREN L. LOEFFLER
United States Attorney

ERIN W. BRADLEY
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: erin.bradley@usdoj.gov
AK # 9905012

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:13-cr-00034-RRB-JDR |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLEA AGREEMENT** |
| vs. | ) | |
| | ) | |
| RHADAMES MARMOLEJOS, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

### A. Terms of Agreement

The defendant agrees to plead guilty to Count 1 of the Indictment in this case. The United States agrees to dismiss all of the other charges of the Indictment, with respect to defendant MARMOLEJOS, after sentencing. As set forth in Section V below, the United States also agrees not to prosecute the defendant further for any other offense related to the event that resulted in the charge contained in the indictment. The parties are free to make sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus,

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR                    Page 2 of 18

the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## C.     Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

## II.     CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A.     Charges

The defendant agrees to plead guilty to the following count of the indictment:

Count 1:  Drug Trafficking Conspiracy, a violation of Title 21, United States Code, §§ 846, 841(a)(1) and (b)(1)(B).

### B.     Elements

The elements of the charges to which the defendant is pleading guilty are as follows:

Count 1, Drug Trafficking Conspiracy:

1) First, there was an agreement between two or more persons to distribute, or possess with intent to distribute, heroin;

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR                    Page 3 of 18

2) Second, the defendant became a member of the conspiracy, knowing of at least one of its objects and intending to help accomplish it; and

3) Third, the conspiracy involved the possession with intent to distribute and/or the distribution of 100 grams or more of a mixture and substance containing a detectable amount of heroin, a controlled substance, which was actually known by or reasonably foreseeable to the defendant.

## C.    Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Indictment and the truth of the following statement.  The parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

On October 17, 2012, defendant MARMOLEJOS sold 2.4 grams of heroin to an undercover agent for $1,000.

On November 2, 2012, defendant MARMOLEJOS sold 4.1 grams of heroin to an undercover agent for $1,000.

On November 8, 2012, defendant MARMOLEJOS sold 3.7 grams of heroin to an undercover agent for $1100.

On December 3, 2012, defendant MARMOLEJOS sold 11.1 grams of heroin to an undercover agent for $2500.

On December 5, 2012, defendant MARMOLEJOS distributed 1.5 grams of heroin to an undercover agent.

On December 7, 2012, defendant MARMOLEJOS sold 25.5 grams of heroin to an undercover agent for $4500.

On January 16, 2013, defendant MARMOLEJOS sold 24.5 grams of heroin to an undercover agent for $4500.

On January 25, 2013, defendant MARMOLEJOS sold 24.4 grams of heroin to an undercover agent for $4500.

On February 21, 2013, law enforcement seized a package containing in excess of one kilogram of heroin during a controlled delivery. On that same night, co-defendants CHRISTOPHER THOMAS MEJIA and JARED THOMAS BOWERS were arrested in a vehicle containing over $30,000 in cash and one IMIsp-21 .45 caliber semi-automatic pistol. Defendant MARMOLEJOS knew that his co-defendants intended to purchase approximately one pound of the heroin seized during the controlled delivery for the sum of $30,000. Defendant MARMOLEJOS knew that both MEJIA and BOWERS sold heroin, and defendant MARMOLEJOS used both MEJIA and MARMOLEJOS as sources of supply for the heroin that he sold.

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR            Page 5 of 18

On March 26, 2013, law enforcement executed a federal search warrant at defendant MARMOLEJOS' apartment, located at 200 McCarrey, Unit A, in Anchorage. During the search, law enforcement found the following firearms in the southeast bedroom:

1. One Taurus PT 24/7 Pro DS semiautomatic pistol, bearing serial number SC023686; and

2. One Remington 870 Tactical 12 gauge shotgun, bearing serial number RS78872G.

The defendant lived in this apartment while he was selling heroin to the undercover agent.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charge to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

//

//

//

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR                    Page 6 of 18

<u>Count 1: Drug Trafficking Conspiracy</u>

1) 5 (**mandatory minimum**) to 40 (**maximum**) years in prison;

2) a maximum five million dollar fine;

3) a $100 mandatory special assessment; and

4) four years (**mandatory minimum**) to life of supervised release.

**2.      Other Matters Affecting Sentence**

**a.      Conditions Affecting the Defendant's Sentence**

The following conditions may also apply and affect the defendant's

sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an

additional fine to pay the costs to the government of any imprisonment and

supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise

ordered, if the Court imposes a fine of more than $2,500, interest will be charged

on the balance not paid within 15 days after the judgment date; 3) upon violating

any condition of supervised release, a further term of imprisonment equal to the

period of the supervised release may be imposed, with no credit for the time

already spent on supervised release; 4) the Court may order the defendant to pay

restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

//

//

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR                    Page 7 of 18

### b.    Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence.  All payments will be by check or money order and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c.    Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury.  If applicable, any defendant who is not a United States citizen, may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

### E.    Forfeiture

Assets to be forfeited under this agreement:  None.

### F.    Restitution

None.

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR                Page 8 of 18

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.], as well as the factors set forth in 18 U.S.C. § 3553(a), when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense to which the defendant is pleading guilty. The U.S.S.G. are not mandatory, and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications, unless set forth below in this section.

#### 1. Acceptance of Responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR                    Page 9 of 18

a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### 2. Specific Offense Characteristics

The defendant agrees to the application of the two-level firearm enhancement, in accordance with U.S.S.G. § 2D1.1(b)(1), as the result of the possession of firearms during this drug trafficking conspiracy.

### C. Sentencing Recommendations

The United States Probation Office [U.S.P.O.] will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as to present evidence in support of their respective sentencing arguments. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR          Page 10 of 18

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

-- If pleading to an information, the right to have the charge presented to the grand jury prior to entering the guilty plea;

-- The right to a speedy and public trial by jury on the factual issues establishing guilt, or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

-- The right to be presumed innocent and not to suffer any criminal penalty, unless and until the defendant's guilt is established beyond a reasonable doubt;

-- The right to be represented by counsel at trial and, if necessary, to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR          Page 11 of 18

have counsel continue to represent the defendant during the sentencing phase of this case;

-- The right to confront and cross examine witnesses against the defendant and the right to subpoena witnesses to appear on the defendant's behalf;

-- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify on the defendant's own behalf; and

-- The right to contest the validity of any searches conducted on the defendant's property or person.

## B. Appellate Rights

The defendant waives the right to appeal the conviction resulting from the entry of the guilty plea to the charge set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties, as set forth in Section II D above in this agreement, the defendant waives, without exception, the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes – including forfeiture (if applicable), or terms or conditions of probation (if applicable), or supervised release, and any fines or restitution.

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR          Page 12 of 18

## C.    Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable), or terms or conditions of probation (if applicable), or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

## V.    ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charge brought in the Indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's conviction or sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR                    Page 13 of 18

United States will be free to prosecute the defendant on all charges arising out of the investigation of this case, including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated, as well as for perjury and false statements. The United States will dismiss Counts 2 through 9 after sentencing.

## VI.   ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument..

## VII.   THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, RHADAMES MARMOLEJOS, JR., the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR                   Page 14 of 18

the United States will jointly inform the Court in writing before I enter my guilty pleas.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my pleas.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR             Page 15 of 18

agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charge to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence, as well as the possible effect the U.S.S.G. may have on my sentence.

//

//

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR Page 16 of 18

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Count 1 of the Indictment.

DATED: 7/2/13

RHADAMES MARMOLEJOS, JR.
Defendant

As counsel for the defendant, I have conveyed to the defendant all formal offers of settlement that the United States has conveyed to me for my client's consideration. This plea agreement document reflects the end result of all plea negotiations between the United States and my client. I have discussed the terms of this plea agreement with the defendant. I have fully explained the charges to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering pleas of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to

//

//

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR                    Page 17 of 18

the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 7/2/13

T. BURKE WONNELL
Attorney for
RHADAMES MARMOLEJOS, JR.

On behalf of the United States, the following accept the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 7/18/13

ERIN W. BRADLEY
Special Assistant U.S. Attorney

DATED: 7/18/13

KAREN L. LOEFFLER
United States Attorney

U.S. v. Marmolejos
3:13-cr-00034-RRB-JDR                Page 18 of 18