# UNITED STATES DISTRICT COURT
for the
District of Alaska

Superseding Petition for Warrant for Defendant Under Supervised Release

| | | | |
|---|---|---|---|
| **Name of Defendant:** | Rhadames Marmolejos, Jr. | **Case Number:** | 3:13-CR-00034-03-RRB |
| **U.S. Marshals Service No.:** | 16847-006 | | |
| **Name of Judicial Officer:** | Honorable Ralph R. Beistline, Senior United States District Judge | | |
| **Date of Original Sentence:** | October 3, 2013 | | |
| **Original Offense:** | Drug Trafficking Conspiracy, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) | | |
| **Original Sentence:** | 84 months imprisonment, 5-year term of supervised release | | |
| **Supervision Commenced:** | July 19, 2019 | | |
| **Assistant U.S. Attorney:** | Andrew James Klugman | **Defense Attorney:** | T. Burke Wonnell |

**PETITIONING THE COURT**

☒ To issue a warrant [The defendant was taken into custody by officers of the Anchorage Police Department the afternoon of November 8, 2019, and charged with Kidnapping and Murder in the First Degree.]

☐ To issue a summons

The probation officer believes the defendant has violated the following condition(s) of Supervised Release:

| Violation Number | Nature of Non-compliance |
|---|---|
| 1 | The defendant violated the Mandatory Condition of Supervision "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance," in that on or about August 2, 2019, in or around Anchorage, the defendant used a controlled substance; to wit: marijuana. This is a Grade C violation. |
| 2 | The defendant violated the Mandatory Condition of Supervision "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance," in that on or about August 21, 2019, in or around Anchorage, the defendant used a controlled substance; to wit: marijuana. This is a Grade C violation. |
| 3 | The defendant violated the Mandatory Condition of Supervision "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance," in that on or about September 23, 2019, in or around Anchorage, the defendant used a controlled substance; to wit: marijuana. This allegation is further substantiated by the defendant's signed Admission of Drug Possession and Use. This is a Grade C violation. |

| | | |
|---|---|---|
| 4 | | The defendant violated the Mandatory Condition of Supervision "The defendant shall not commit a federal, state, or local crime," in that on or about November 3, 2019, in or around Anchorage, Alaska, the defendant committed the State crime of Kidnapping, in violation of Alaska Statute (AS) 11.41.300. This is a Grade A violation. |
| 5 | | The defendant violated the Mandatory Condition of Supervision "The defendant shall not commit a federal, state, or local crime," in that on or about November 3, 2019, in or around Anchorage, Alaska, the defendant committed the State crime of Murder, in violation of AS 11.41.100. This is a Grade A violation. |

**U.S. PROBATION OFFICER RECOMMENDATION:**

The term of Supervised Release should be:

☒ Revoked

☐ Extended for _____ year, for a total term of _____ years.

Based upon the severity of the allegations it is recommended that the defendant remain in custody pending resolution of the new criminal case.

The defendant's criminal history category at the time of sentencing was IV, and the aforementioned allegations are Grade C violations, which carry an advisory guideline sentencing guideline range of 6 to 12 months, and Grade A violations, which carry an advisory guideline sentencing range of 24 to 30 months. The defendant's statutory maximum is three years.

Respectfully submitted,

Timothy M. Astle
U.S. Probation Officer
November 8, 2019

Approved by:

Rhonda Langford Taylor
Chief U.S. Probation Officer

# UNITED STATES DISTRICT COURT
for the
District of Alaska

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|  | ) | Case Number:  3:13-CR-00034-03-RRB |
| vs. | ) | |
|  | ) | DECLARATION IN SUPPORT OF |
| RHADAMES MARMOLEJOS, JR. | ) | SUPERSEDING PETITION |

I, Timothy M. Astle, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Rhadames Marmolejos, Jr., and in that capacity declare as follows:

On July 19, 2019, the defendant released from imprisonment and commenced his 5-year term of supervised release. The defendant reported to the U.S. Probation Office pursuant to his conditions of supervised release. A supervision plan to address needed reentry services to include, but not limited to, a residence, employment, drug testing, education, and treatment were all addressed.

The defendant's first 3 drug tests, on July 19, 25, and 31, 2019 were all negative. However, on August 2, 2019, this officer visited the defendant at his home and collected a urine specimen that tested positive for the presence of marijuana. The defendant reported meeting a few friends at a local restaurant and bar and having a few alcoholic drinks with them. The defendant reported his friends then consumed marijuana, but he did not. We spoke about the risks that are present when the defendant associates with those engaged in activities detrimental to his success on supervision. The defendant was informed he must abstain from marijuana and that his co-occurring substance abuse/mental health assessment would need to be scheduled forthwith to address this concern. Further, the defendant was informed that should he be recommended for treatment he will be expected to abstain from alcohol while engaged in the program. The defendant stated he understood that would be a requirement as it is a special condition of his supervised release as well as a requirement of the program.

The defendant was scheduled for a co-occurring disorder assessment to address potential behavioral health needs as well as substance abuse on August 26, 2019 from 3:30 p.m. to 6:00 p.m.  The defendant and his significant other arrived early for this assessment, but due to poor communication on behalf of the treatment agency, they were informed the assessment would need to be rescheduled.

On August 13, 2019, a Report on Offender on Supervised Release was filed with the Court requesting no official court action at that time based upon the defendant's cooperation with supervision and willingness to address his apparent substance abuse through community-based outpatient treatment. The Court concurred and the probation officers proposed action was approved.

On August 21, 2019, the defendant again tested positive for marijuana and admitted that he was positive due to new exposure to marijuana having been in a vehicle with multiple individuals who were using marijuana.

On September 9, 2019, the defendant tested positive for marijuana, but it was discarded as the defendant's last reported use was less than 30 days earlier.

On September 11, 2019, the treatment agency reported that the defendant failed to report for his scheduled assessment. This officer explained that I was unaware of the rescheduled assessment and the defendant's may

have been unaware as well. I requested an expedited assessment for the defendant, and it was scheduled for September 25, 2019.

On September 25, 2019, the defendant reported for his scheduled co-occurring disorder assessment.

On September 30, 2019, the probation officer received an e-mail from the treatment agency in which the defendant was recommended to participate in Level 1 outpatient substance abuse treatment and counseling, Moral Reconation Therapy (MRT) classes, and individualized psychotherapy sessions with a clinician. Commencement of these services is currently pending scheduling.

On September 30, 2019, the defendant reported to the probation office for a scheduled drug test and again tested positive for marijuana. The defendant admitted and signed an acknowledgement thereto indicating he had used marijuana again approximately 6 or 7 days prior, on or about September 23, 2019. This lapse in thinking and subsequent use was discussed with the defendant at length and he was informed we would proceed with his current supervision and treatment plans, but the Court would be notified of his continued non-compliance and a summons would be requested to facilitate his appearance before the Court to answer to the above non-compliance allegations.

**Superseding Information**

On November 7, 2019, an officer of the Anchorage Police Department (APD) contacted the U.S. Probation Office after-hours duty officer and reported the defendant was a person of interest in a current homicide investigation.

On the morning of November 8, 2019, this officer contacted the APD officer by telephone and was informed the defendant was no longer a person of interest and is now considered a suspect in a recent kidnapping and homicide. At approximately 2:00 p.m., this officer received a telephone call from the APD officer who stated the defendant was arrested and charged with Kidnapping, in violation of Alaska Statute (AS) 11.41.300, and Murder in the First Degree, in violation of AS 11.41.100; both unclassified felonies.

Executed this 8nd day of November 2019 at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Timothy M. Astle
U.S. Probation Officer